**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JERRY D. ENNIS )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>WELL RENEWAL, INC., an Oklahoma )<br>Suspended corporation and WELL )<br>RENEWAL, INC., a Delaware corporation, )<br> )<br>    Defendants. ) | Case No. 07-CV-436 CVE-PJC<br><br>Judge Claire V. Eagan |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO ISSUE WRIT**
**OF EXECUTION TO SELL THE GULLEY OIL AND GAS LEASE**

This matter has been referred to the undersigned United States Magistrate Judge for Report and Recommendation as to plaintiff's Motion to Issue Writ of Execution to sell the Gulley Oil and Gas Lease ("Motion to Issue Writ"). [Dkt. # 56].

BACKGROUND

On August 10, 2007, Plaintiff filed his Complaint seeking, inter alia, to enforce and foreclose a mechanic's lien against various assets alleged to be owned by Defendant. One of those assets, the Gulley Lease, is the subject of the Motion to Issue Writ. [Dkt # 56]. Approximately a year after filing the Complaint, the parties resolved their dispute and on August 29, 2008, the Court entered a Stipulated Journal Entry of Judgment in favor of Plaintiff and against Defendants in the amount of One Hundred and Sixty Thousand Dollars ($160,000.00). [Dkt. # 34]. Costs in the amount of $425.00 were awarded Plaintiff on October 28, 2008, and attorneys' fees in the amount of $22,708.16 were awarded Plaintiff on December 4, 2008. [Dkt. # 44]. The total principal amount of Plaintiffs' judgment against Defendants is $183,133.16.

In the Motion to Issue Writ, Plaintiff asserts that his judgment has not been satisfied and

that the full amount of $183,133.16 remains due and unpaid. Defendants' deadline for responding to the Motion to Issue Writ was January 6, 2009. No response has been filed. The Tenth Circuit has found that motions seeking the issuance of a Writ of Execution are case dispositive. U.S. v. Thompson, 285 Fed.Appx. 522 (10th Cir. 2008). Thus, the Motion to Issue Writ cannot be deemed confessed under Local Rule 7.2, and an independent review of the merits must be conducted.

## MERITS REVIEW

Pursuant to the Stipulated Journal Entry of Judgment, the allegations contained in Plaintiff's August 10, 2007 Complaint are to be taken as true. [Dkt. 34 at ¶ 2]. The allegations in the Complaint establish that:

   a. Plaintiff provided Defendants with the use of certain oilfield equipment (a pulling unit) which was used to service wells on the Gulley oil and gas lease during the period of April 2006 through March 16, 2007, [Dkt. # 2 at ¶ 6];

   b. At the time that the equipment was used on the Gulley Lease, the lease was owned and operated by Defendants, [Dkt. # 2 at ¶ 8];

   c. Defendants failed to pay for the use of the pulling unit after the last date that the pulling unit was supplied to the Defendants, [Dkt. # 2 at ¶ 9]; and

   d. Plaintiff timely filed, on May 24, 2007, a mechanic's lien with the Clerk for the County of Rogers, State of Oklahoma, at Book 1870, Pages 716-719, against numerous oil and gas leases, including the Gulley Lease, [Dkt. # 2 at ¶ 12].

In the Stipulated Journal Entry of Judgment, the Court likewise found that Plaintiff's judgment is ". . . secured by a Mechanic's or Materialmen's Lien that plaintiff filed on May 24, 2007 with the Clerk for the County of Rogers, State of Oklahoma, said lien being recorded at Book 1870, Page 719, and which constitutes a valid lien upon the oil and gas leases hereinafter described." [Dkt. # 34 at ¶ 3]. The Court also (1) adjudged that the lien "constitutes a valid lien

upon the oil and gas leases hereinafter described[,]" (2) stated that the oil and gas leases subject to the lien include the Gulley Lease, and (3) described the Gulley Lease as "North Half of the Southeast Quarter (N/2 SE/4) and the Southeast Quarter of the Southeast Quarter of the Southeast Quarter (SE/4 SE/4 SE/4) of Section 11, Township 23 North, Range 17 East, Rogers County, State of Oklahoma." [Dkt. # 34 at (C)]. The Stipulated Journal Entry of Judgment further ordered that the Gulley Lease be foreclosed and that special execution and order of sale issue out of the office of the Court Clerk of this Court directing the U.S. Marshal to levy and execute thereon and sell the interest and apply the proceeds to the satisfaction of Plaintiff's judgment. [Dkt. # 34 at 3]. Based on the foregoing, so long as the Gulley Lease is not exempt under Oklahoma law, Plaintiff is entitled to foreclose on his lien, have the Gulley Lease sold, and apply the proceeds to his judgment.

Plaintiff asserts that the Gulley Lease is not exempt by law and therefore can be used for the payment of debts and taken on execution and sold. Through the course of this case Defendants have had many opportunities to assert in their pleadings that the Gulley Lease is exempt. Defendants have failed to do so and, as noted above, have even failed to respond to the Motion to Issue Writ. Thus, the undersigned finds no basis upon which to find that the Gulley Lease is exempt.

Accordingly, I **RECOMMEND** that Plaintiff's Motion to Issue Writ be granted and that the Court Clerk be directed to issue a Writ of Execution directing the U.S. Marshal to take possession of the above described property, cause said property to be sold by public sale on the steps of the Rogers County Courthouse and apply the sale proceeds toward the satisfaction of the Plaintiff's judgment.

OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this Report and Recommendation. See Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will:

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b); see 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** See Thomas v. Arn, 474 U.S. 140 (1985); Haney v. Addison, 175 F.3d 1217 (10th Cir. 1999); and Talley v.Hesse, 91 F.3d 1411 (10th Cir. 1996).

Dated this 16th day of January, 2009.

_____
T. Lane Wilson
United States Magistrate Judge