# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY D. ENNIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CV-436 CVE-PJC |
| ) | |
| WELL RENEWAL, INC., an Oklahoma ) | |
| Suspended corporation and WELL ) | |
| RENEWAL, INC., a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO ISSUE WRIT OF EXECUTION ON PERSONAL PROPERTY AND EQUIPMENT LOCATED ON THE OIL AND GAS LEASE KNOWN AS THE ZULKEY LEASE (SECTION 4)

This matter has been referred to the undersigned United States Magistrate Judge for Report and Recommendation as to plaintiff's Motion to Issue Writ of Execution on Personal Property and Equipment Located on the Oil and Gas Lease Known as the Zulkey Lease (Section 4) ("Motion to Issue Writ"). [Dkt. # 47].

## BACKGROUND

On August 10, 2007, Plaintiff filed his Complaint seeking, inter alia, to enforce and foreclose a mechanic's lien against various assets alleged to be owned by Defendant. Certain of those assets, the personal property located on the Zulkey Lease (Section 4), are the subject of the Motion to Issue Writ. [Dkt # 47]. Approximately a year after filing the Complaint, the parties resolved their dispute and on August 29, 2008, the Court entered a Stipulated Journal Entry of Judgment in favor of Plaintiff and against Defendants in the amount of One Hundred and Sixty Thousand Dollars ($160,000.00). [Dkt. # 34]. Costs in the amount of $425.00 were awarded Plaintiff on October 28, 2008, and attorneys' fees in the amount of $22,708.16 were awarded Plaintiff on December 4, 2008. [Dkt. # 44]. The total principal amount of Plaintiffs' judgment

against Defendants is $183,133.16.

In the Motion to Issue Writ, Plaintiff asserts that his judgment has not been satisfied and that the full amount of $183,133.16 remains due and unpaid. Defendants' deadline for responding to the Motion to Issue Writ was January 5, 2009. No response has been filed. The Tenth Circuit has found that motions seeking the issuance of a Writ of Execution are case dispositive. U.S. v. Thompson, 285 Fed.Appx. 522 (10th Cir. 2008). Thus, the Motion to Issue Writ cannot be deemed confessed under Local Rule 7.2, and an independent review of the merits must be conducted.

## MERITS REVIEW

Pursuant to the Stipulated Journal Entry of Judgment, the allegations contained in Plaintiff's August 10, 2007 Complaint are to be taken as true. [Dkt. # 34 at ¶ 2]. The allegations in the Complaint, if taken as true, establish that:

    a. Plaintiff provided Defendants with the use of certain oilfield equipment (a pulling unit) which was used to service wells on the Zulkey oil and gas lease (Section 4) during the period of April 2006 through March 16, 2007, [Dkt. # 2 at ¶ 6];

    b. At the time that the equipment was used on the Zulkey Lease (Section 4), the lease was owned and operated by Defendants, [Dkt. # 2 at ¶ 8];

    c. Defendants failed to pay for the use of the pulling unit after the last date that the pulling unit was supplied to the Defendants, [Dkt. # 2 at ¶ 9]; and

    d. Plaintiff timely filed, on May 24, 2007, a mechanic's lien with the Clerk for the County of Rogers, State of Oklahoma, at Book 1870, Pages 716-719, against numerous oil and gas leases, including the Zulkey Lease (Section 4), [Dkt. # 2 at ¶ 12].

In the Stipulated Journal Entry of Judgment, the Court likewise found that Plaintiff's judgment is ". . . secured by a Mechanic's or Materialmen's Lien that plaintiff filed on May 24, 2007 with the Clerk for the County of Rogers, State of Oklahoma, said lien being recorded at

Book 1870, Page 719, and which constitutes a valid lien upon the oil and gas leases hereinafter described." [Dkt. #34 at ¶ 3]. The Court also (1) adjudged that the lien "constitutes a valid lien upon the oil and gas leases hereinafter described[,]" (2) stated that the oil and gas leases subject to the lien include the Zulkey Lease (Section 4), and (3) described the Zulkey Lease (Section 4) as "Southeast Quarter (SE/4) of Section 4, Township 24 North, Range 17 East., Rogers County, State of Oklahoma." [Dkt. # 34 at ¶ (B)]. The Stipulated Journal Entry of Judgment further ordered that the Zulkey Lease (Section 4) be foreclosed and that special execution and order of sale issue out of the office of the Court Clerk of this Court directing the U.S. Marshal to levy and execute thereon and sell the interest and apply the proceeds to the satisfaction of Plaintiff's judgment. [Dkt. # 34 at 3].

Here, Plaintiff seeks a Writ of Execution, not on the Zulkey Lease, but on the personal property located on the Zulkey Lease that is in Section 4, including the personal property at the well site. Specifically, Plaintiff seeks to execute on and sale any of the following items found on Section 4 of the lease:

>Well Head
>Pump Jacks
>Pumps
>Motors
>Casing
>Tubing
>Rods
>Storage Tanks
>Vessels
>Boilers
>Gauges
>Valves
>Heaters
>Treaters
>Separators
>Gunbarrel
>Distribution Lines
>Flow Lines

>>> Water Lines
>>> Fixtures
>>> Platforms
>>> Machinery
>>> Tools and other equipment

Motion to Issue Writ [Dkt. # 47 at ¶ 9].

Okla. Stat. tit. 42, § 144 provides as follows:

> Any person, corporation, or copartnership who shall, under contract, expressed or implied, with the owner of any leasehold for oil and gas purposes…perform labor or services...or furnish material, machinery, and oil well supplies used in the digging, drilling, torpedoing, completing, operating, or repairing of any oil or gas well, or who shall furnish any oil or gas well supplies, or perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing, or repairing of any gas well...*shall have a lien upon the whole of such leasehold or oil pipeline, or gas pipeline, or lease for oil and gas purposes, the buildings and appurtenances, the proceeds from the sale of oil or gas produced therefrom inuring to the working interest...and upon the material and supplies so furnished, and upon any oil well supplies, tools, and other articles used in digging, drilling, torpedoing, operating, completing, or repairing any oil or gas well, and upon the oil or gas well for which they were furnished, and upon all the other oil or gas well fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor or services performed. Such lien shall be preferred* to all other liens or encumbrances which may attach to or upon said leasehold for gas and oil purposes and upon any oil or gas pipeline, or such oil and gas wells and the material and machinery so furnished and the leasehold for oil and gas purposes and the fixtures and appliances thereon subsequent to the commencement of or the furnishing or putting up of any such machinery or supplies; and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found; and compliance with the provisions of this article shall constitute constructive notice of the lien claimant's lien to all purchasers and encumbrancers of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor or services.

Id. (emphasis added).  Thus, the enforceable lien rights under Section 144 include the personal property and equipment at the well sites, and the oil and gas well for which they were furnished. Id.

4

Based on the foregoing, so long as the personal property identified above is not exempt under Oklahoma law, Plaintiff is entitled to foreclose on his lien, have the personal property Zulkey Lease (Section 4) sold, and apply the proceeds to his judgment. Plaintiff asserts that this property is not exempt by law and therefore can be used for the payment of debts and taken on execution and sold. Through the course of this case Defendants have had many opportunities to assert in their pleadings that the Zulkey Lease (Section 4) is exempt. Defendants have failed to do so and, as noted above, have even failed to respond to the Motion to Issue Writ. Thus, the undersigned finds no basis upon which to find that the Zulkey Lease (Section 4) is exempt.

Accordingly, I **RECOMMEND** that Plaintiff's Motion to Issue Writ be granted and that the Court Clerk be directed to issue a Writ of Execution directing the U.S. Marshal to take possession of the above described personal property, cause said property to be sold by public sale on the steps of the Rogers County Courthouse and apply the sale proceeds toward the satisfaction of the Plaintiff's judgment.

## OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this Report and Recommendation. See Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will:

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b); see 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).  **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.**  See Thomas v. Arn, 474 U.S. 140 (1985); Haney v. Addison, 175 F.3d 1217 (10th Cir. 1999); and Talley v.Hesse, 91 F.3d 1411 (10th Cir. 1996).

Dated this 18th day of February, 2009.

_____
T. Lane Wilson
United States Magistrate Judge